# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSHUA CANTU, | | 1:09-cv-00177-SMS-PC |
| | Plaintiff, | ORDER DENYING MOTION TO AUGMENT RECORD |
| v. | | (Doc. 8.) |
| GARCIA, et al., | | |
| | Defendants. / | |

**I.      MOTION TO AUGMENT THE RECORD**

Joshua Cantu ("plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff commenced this action on January 15, 2009, at the United States District Court for the Central District of California.  (Doc. 1.)  On January 26, 2009, the case was transferred to the Eastern District of California and received by this court on January 28, 2009.  (Docs. 3, 4, 5.)  On June 22, 2009, plaintiff filed a motion to augment the record.  (Doc. 8.)  In the motion, plaintiff requests that two documents, which he submitted to the court, be attached as exhibits to the original complaint.

***Rule 15(a)***

Plaintiff correctly states that he is entitled to amend the complaint at this time.  Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may

amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, plaintiff has not previously amended the complaint. Therefore, plaintiff may amend the complaint at this time without leave of court.

### *Local Rule 15-220*

Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case.

Under Rule 15-220, then, plaintiff cannot amend the original complaint simply by attaching documents to it. Moreover, the court cannot add exhibits to the record by attaching them to documents already filed. Therefore, to amend the complaint, plaintiff must submit a First Amended Complaint which is complete in itself.

### *PLRA Exhaustion Requirement*

The two medical records plaintiff seeks to add to the complaint are both dated "2/23/09," which is after January 15, 2009, the date the original complaint was filed. Plaintiff is advised that he should not add any claims to the complaint which have not been exhausted prior to the date the complaint was filed. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). Therefore, plaintiff is advised that any unexhausted claims he adds to the complaint will be subject to dismissal.

### *Exhibits*

In addition, plaintiff is advised that while exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading,

1  Fed. R. Civ. P. 8(a).  The Court strongly suggests to Plaintiff that they should not be submitted
2  where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as
3  future evidence.  If this action reaches a juncture at which the submission of evidence is
4  appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity
5  at that time to submit his evidence.

**II.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to augment the record by attaching two documents to the original complaint is DENIED.

IT IS SO ORDERED.

**Dated:   November 16, 2009**           /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE