**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU, | CASE NO. 1:09-cv-00177-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | (Doc. 1) |
| M. GARCIA, et al., | |
| Defendants. | |

Plaintiff Joshua J. Cantu ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Kern Valley State Prison. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment. Plaintiff names Officer M. Garcia, two unknown CDC officers, an unknown staff member of the CCF, and the State of California as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to file an amended complaint within thirty (30) days.

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Factual Background**

Plaintiff alleges that he was attacked by Defendant M. Garcia while being transported to Kern Valley State Prison on March 13, 2008. Plaintiff alleges that Garcia used excessive force against him while he remained shackled and restrained. Further, Plaintiff claims that other unknown officers and staff failed to stop Garcia's use of excessive force. Plaintiff is seeking monetary damages and relief for the violation of his Eighth Amendment rights.

**III.    Discussion**

    **A.     Use of Exhibits to Establish Claim**

Plaintiff has attached a number of exhibits to his complaint. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim,"

2

Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with the Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor a "plain" statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court. Further, if and when this action does reach an appropriate stage in litigation for the submission of evidence, Plaintiff will not be able to refer to exhibits attached to his complaint as evidence. Evidence must be submitted at the proper time and under the proper procedures. Attaching exhibits to the complaint is not the proper procedure for admitting evidence for the purpose of proving Plaintiff's allegations.

Further, the Court will not permit Plaintiff to rely exclusively on exhibits for the presentation of critical facts to his case. Rule 8 requires Plaintiff to provide a "short and plain" statement of his claims. Plaintiff may not attach a large number of exhibits to his claims with the expectation that the Court will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on Plaintiff's behalf. The burden of presenting the facts of his case in a "short and plain" manner must be carried by Plaintiff–the Court will not do the work for him. Although the Court will liberally construe Plaintiff's complaint, sifting through unidentified prison documents and formulating claims on Plaintiff's behalf crosses the line between liberal construction and advocating on Plaintiff's behalf. To the extent that the factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying on exhibits to present those facts.

**B.     The State of California as a Defendant**

Plaintiff names the State of California as a defendant. Plaintiff may not sustain an action against a state. The Eleventh Amendment prohibits federal courts from hearing suits brought against

an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also* Tennessee v. Lane, 541 U.S. 509, 517 (2004); Idaho v. Couer d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997). Unless the State of California consents to federal jurisdiction, it is entitled to Eleventh Amendment immunity from suit.

### C. Claim for Excessive Use of Force

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). However, where prison officials have acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard, applies. *See* Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Clement v. Gomez, 298 F.3d 898, 903-04 (9th Cir. 2002); Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc); Berg v. Kincheloe, 794 F. 2d 457, 460 (9th Cir. 1986).

"[W]henever prison officials stand accused of excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When determining whether the force is excessive, the court

should look to the "extent of injury..., the need for application of force, the relationship between that need and the amount off force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321). Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." Jordan, 986 F.2d at 1528 n.7. Moreover, there is no need for a showing of a serious injury as a result of the force, but the lack of such an injury is relevant to the inquiry. *See* Hudson, 503 U.S. at 7-9; Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003); Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000).

Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune of escaping without serious injury. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010). This does not suggest that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 1178 (internal citations omitted).

Plaintiff alleges that Defendant M. Garcia used excessive force. Whether the force used by Defendant was excessive by Eighth Amendment standards is a legal conclusion. The Court need not accept Plaintiff's legal conclusion as true. Iqbal, 129 S. Ct. at 1949. Plaintiff's only description of the force is that he was "physically assaulted." Plaintiff's description is too vague to state a claim. A physical assault can range from a "push or shove" that fails to state an excessive force claim, Wilkins, 130 S. Ct. at 1178, to a brutal beating that does state a claim. Since Plaintiff has failed to adequately describe the force or provide any further details, he fails to state a claim. The Court will provide Plaintiff with an opportunity to file an amended complaint.

///

///

### IV.     **Conclusion and Order**

Plaintiff's complaint is dismissed, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

However, although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

///

1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failing to state any claims upon which relief might be granted;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Plaintiff shall be given leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **June 28, 2010**                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE