UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. GARCIA, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO.   1:09-cv-00177-GBC (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO EXTEND TIME TO EFFECTUATE SERVICE<br><br>(ECF No. 22)<br><br>THIRTY DAY DEADLINE |

Plaintiff Joshua J. Cantu ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 29, 2010, the Court issued an Order requiring that Plaintiff serve his First Amended Complaint on Defendant M. Garcia. (ECF No. 14.) Plaintiff was ordered to serve the complaint within 120 days pursuant to Federal Rule of Civil Procedure 4(m). (Id.) Plaintiff moved for and was granted one 60-day extension of time to complete service. (ECF Nos. 18 & 19.) Plaintiff failed to effectuate service. On June 6, 2011, the Court issued an Order requiring that Plaintiff show cause why the case should not be dismissed for failure to effectuate service. (ECF No. 20.) Plaintiff filed his response on June 29, 2011. (ECF No. 22.) In his response, Plaintiff

states that he has attempted service by sending the summons to the Litigation Coordinator at Kern Valley State Prison and to the Warden requesting assistance.  Plaintiff then states that he has effectuated personal service on Defendant Garcia on June 21, 2011.  Plaintiff states that another inmate mailed the summons and accompanying documents to Garcia at KVSP, to the Department of Corrections and Rehabilitation, and to Legal Affairs Department of the Office of the Governor.  Plaintiff then requests an additional thirty days to give Defendant Garcia adequate time to respond.

Plaintiff appears to believe that by having another inmate mail the summons and accompanying documents to Defendant Garcia, he has effectuated personal service.  This is not the case.  Personal service is not effectuated through the mail.  Personal service requires that a copy of the summons and complaint be delivered to the individual personally, which often requires hiring a process server.  Fed. R. Civ. Pro. 4(e)(2)(A).  After this is accomplished, proof of service must be made to the Court.  If Plaintiff hires a process server, proof must be provided by the server.  Fed. R. Civ. Pro. 4(l)(1).

To date, Plaintiff has failed to properly serve Defendant Garcia.  The summonses filed by Plaintiff on June 24, 2011 and July 13, 2011 have not been executed.  (ECF Nos. 21, 23, 24, 25, & 26.)  Furthermore, it is apparent from the record that Defendant Garcia has not waived service.

Accordingly, the Court will give Plaintiff <u>one</u> final opportunity to effectuate service on Defendant Garcia.  Service must be effectuated within thirty days of the date of this Order.  If Plaintiff again fails to do this, this action will be dismissed.

IT IS SO ORDERED.

Dated:  July 19, 2011

UNITED STATES MAGISTRATE JUDGE