UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CANTU,<br><br>        Plaintiff,<br><br>   v.<br><br>M. GARCIA,<br><br>        Defendant.<br>_____/ | CASE NO.   1:09-cv-00177-GBC (PC)<br><br>ORDER DENYING MOTIONS FOR INJUNCTIVE RELIEF<br><br>(ECF No. 36 & 37) |

**ORDER**

Plaintiff Joshua Cantu ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is currently proceeding on an excessive force claim raised against Defendant Garcia in Plaintiff's First Amended Complaint, filed July 26, 2010.  The Court has ordered service to be effectuated by the United States Marshal, but it has not been completed yet.  (ECF No. 35.)

Plaintiff has filed two motions for injunctive relief seeking court orders requiring prison officials to transfer him to a different prison, seeking protective orders, and also seeking injunctive relief. Plaintiff alleges his safety is threatened by his present placement,

he has been falsely accused of things, he has been assaulted by prison staff, and he is suffering retaliation by correctional officers.  (ECF Nos. 36 & 37.)

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, § 2947 (1973).  In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge

of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).

All of the allegations of the motions at bar arise from events that occurred in 2011, well after the 2009 incidents on which this action is based. To the extent the motions are based on claims that are not cognizable as part of the underlying action, they will not be given a hearing on the merits at trial. The pendency of this action does not confer on the Court jurisdiction to issue an order directing that Plaintiff be transferred, because such an order would not remedy the underlying legal claim, which involves Defendant Garcia's past conduct. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 129 S.Ct. 1142, 1149, 173 L.Ed.2d 1 (2009); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 503, 178 L.Ed.2d 369 (2010).

The motions also appear to implicate Plaintiff's right to access the courts. In Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. Lewis v. Casey, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of

a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at 356.  In order to demonstrate a cognizable threat to this right, plaintiff must present evidence that defendants by their acts will prevent him from bringing, or cause him to lose, an actionable claim of this type.  Id.

Plaintiff has not made the required showing on the motions at bar.  Specifically, the record before this Court does not support a finding that Plaintiff is threatened with irreparable harm to his ability to litigate this action.  The Court notes that there are no pending deadlines for Plaintiff to meet.  Service is being effectuated by the USM.

For the foregoing reasons, Plaintiff's motions for injunctive relief should be denied. In accordance with the above, IT IS HEREBY ORDERED that:

1.   Plaintiff's September 28, 2011 Motion for Emergency Transfer be DENIED; and

2.   Plaintiff's October 3, 2011 Motion for Emergency Transfer and Injunctive Relief be DENIED.

IT IS SO ORDERED.

Dated:   October 10, 2011

UNITED STATES MAGISTRATE JUDGE

4