# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU, | CASE NO. 1:09cv00177 AWI DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR SUBPOENAS AND DEPOSITION BY WRITTEN QUESTIONS |
| v. | Doc. 54, 55, 64, 66 |
| M. GARCIA, et al., | ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND MOTION FOR SANCTIONS |
| Defendants. | Doc. 57, 59, 60 |
| | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES |
| / | Doc. 63 |

**I. Procedural History**

On January 15, 2009, Plaintiff Joshua J. Cantu ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. On July 26, 2010, Plaintiff filed an amended complaint. On November 29, 2010, the Court found a cognizable Eighth Amendment claim for excessive force against M. Garcia and failure to intervene excessive force against three doe defendants. On January 3, 2012, the Court issued a discovery and scheduling order, setting a deadline to amend pleadings of July 3, 2012, a discovery deadline of September 3, 2012, and a dispositive motion deadline of November 13, 2012. On September 12, 2012, the Court granted Plaintiff's motions to compel responses to discovery and granted his motion to

modify the scheduling order.  The Court set a revised deadline to amend pleadings of November 13, 2012, a discovery deadline of January 14, 2013, and a dispositive motion deadline of March 14, 2013.

Between September 21, 2012 and December 3, 2012, Plaintiff filed two motions for subpoenas, two motions for deposition by written questions, one motion for sanctions, one motion to compel, one motion to order Defendant to identify employees, and one motion for leave to serve additional interrogatories.  On December 12, 2012, Defendant filed an opposition to Plaintiff's motion for leave to file additional interrogatories.  This matter is deemed submitted pursuant to Local Rule 230(l).

## II. Analysis

### A. Motions for Subpoenas

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or tangible things from a nonparty, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d).

However, the Court will consider granting such a request only if the documents or tangible things sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production of documents or tangible things. Fed. R. Civ. P. 34.  If Defendant objects to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty.  Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends.

The Court will not issue a subpoena for a nonparty individual without Plaintiff first following the procedure outlined above.  Therefore, the Court DENIES Plaintiff's motions for subpoenas.

### B. Motions to Conduct Deposition by Written Questions

As for Plaintiff's requests to conduct a deposition under Rule 31, a party may depose any person by written questions.  However, where the deponent is incarcerated, the party must obtain

1  the Court's permission to conduct the deposition. Fed. R. Civ. P. 31(a)(2)(B). Unless the parties
2  stipulate otherwise, the party noticing the deposition is required to provide the questions to an
3  "officer," as that term is defined in Rule 28(a), who will take the deponent's responses to the
4  questions, certify them, and send them to the noticing party. Id.; Fed. R. Civ. P. 31(b); 30(b)(5).
5       Plaintiff has not established that he followed the procedure outlined above to obtain a
6  deposition by written questions. Therefore, the Court DENIES Plaintiff's motions to conduct
7  deposition by written questions.

### C. Motion for Sanctions

9       The Court declines to issue a sanction for non-compliance with the interrogatories and
10 requests for production of documents until after the issuance of an order commanding
11 compliance. See Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983)
12 (finding corporation subject to subpoena could not be sanctioned in absence of enforcement
13 order). Accordingly, Plaintiff's motion for sanctions is DENIED.

### D. Motion to Compel Production of Documents

15      Plaintiff moves to compel further documents and responses to his discovery requests. He
16 requests the CDCR bus schedule from March 10, 2008, to March 14, 2008; procedures for
17 handcuffs, waist chains and leg irons; and pictures of a CDCR bus from every angle.
18      Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery
19 regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R.
20 Civ. P. 26(b).
21      Defendant objected, noting that the requested information is sensitive and raises an issue
22 of institutional security. "The interest of the party asserting a privilege tends to be strongest
23 when the information in question falls squarely within the definition of privilege, and its
24 disclosure would undermine the public interest in free, candid and uninhibited exchange of
25 information or jeopardize the physical security of an individual or governmental institution."
26 Assoc. for Reduction of Violence v. Frank, 734 F.2d 63, 66 (1st Cir. 1984). Plaintiff has not
27 established how the information he requests is relevant to his case and how it does not
28

compromise institutional security. Therefore, the Court DENIES Plaintiff's motion to compel production of documents.

### E. Motion to Order Defendant to Identify Employees

Plaintiff requests that the Court order Defendant to identify all employees on the bus.

When bringing a motion to compel discovery responses, the moving party shall set forth <u>each</u> discovery request and response at issue. E.D. Cal. Local Rule 251. Plaintiff's motion is procedurally defective because it does not provide his requests for discovery. He fails to submit any proof that he ever submitted a discovery request to Defendant, and his previous motions to compel do not satisfy this requirement. Plaintiff's motion is also vague and does not establish that he followed to proper procedure before filing the motion. Therefore, the Court DENIES Plaintiff's motion to order Defendant to identify all employees on the bus.

### F. Motion for Leave to Serve Additional Interrogatories

Federal Rule of Civil Procedure 33(a)(1) provides: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."

Although Plaintiff was allowed 25 interrogatories, he served well over the allotted number, and Defendant Garcia either answered the interrogatories or raised proper objections. Although Plaintiff seeks to propound additional interrogatories, he fails to offer any information on the subject matter of the proposed interrogatories and fails to offer any reason establishing good cause of their use. "In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." <u>Ackra Direct Mktg. Corp. v. Fingerhut Corp.</u>, 86 F.3d 852, 856-57 (8th Cir. 1996). Plaintiffs who represent themselves must abide by the rules of the court in which they litigate. <u>Carter v. Comm'r</u>, 784 F.2d 1006, 1008-09 (9th Cir. 1986). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." <u>Jourdan v. Jabe</u>, 951 F.2d 108, 109 (6th Cir. 1991).

Plaintiff has not established good cause to serve additional interrogatories. Therefore, the Court DENIES Plaintiff's motion for leave to serve additional interrogatories.

### III. Conclusion

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions for subpoenas are DENIED;
2. Plaintiff's motions to conduct deposition by written questions are DENIED;
3. Plaintiff's motion for sanctions is DENIED;
4. Plaintiff's motion to compel production of documents is DENIED;
5. Plaintiff's motion to order Defendant to identify all employees is DENIED; and
6. Plaintiff's motion for leave to serve additional interrogatories is DENIED.

IT IS SO ORDERED.

**Dated:** **January 8, 2013**         /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE