# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>M. GARCIA, et al.,<br><br>　　　　Defendants. | 1:09cv00177 AWI DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION IN PART AND GRANTING PLAINTIFF'S MOTIONS TO COMPEL IN PART<br><br>(Document 74) |

　　　　Plaintiff Joshua J. Cantu ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. He filed a First Amended Complaint on July 26, 2010, and the Court found cognizable Eighth Amendment claims against Defendant M. Garcia and three Doe Defendants. Defendant Garcia filed an answer on December 20, 2011.

　　　　The Court issued a Discovery and Scheduling Order on January 3, 2012. On September 12, 2012, the Court granted Plaintiff's motion to compel and his motion to modify the Scheduling Order. The deadline to amend the pleadings was extended to November 13, 2012, the discovery deadline was extended to January 14, 2013, and the dispositive motion deadline was extended to March 14, 2013. Plaintiff's recent motions to extend the discovery and amendment deadline have been denied.[1]

---

[1] Plaintiff has also filed a motion to reconsider the January 9, 2013, order denying his motion to extend the deadline to amend his complaint. That motion to reconsider will be addressed by separate order.

1

On January 8, 2013, the Court issued an order denying Plaintiff's additional discovery motions. Specifically, the Court denied Plaintiff's motions for subpoenas, motions for depositions by written questions, motion to compel, motion for sanctions and motion for leave to serve additional interrogatories.

On January 18, 2013, Plaintiff filed a motion seeking reconsideration of the January 8, 2013, discovery order. Defendant did not file an opposition.

## LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation ..." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th

Cir.1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part, 828 F.2d 514 (9th Cir.1987).

**DISCUSSION**

Plaintiff seeks reconsideration of each of the eight discovery motions addressed by the January 8, 2013, order. After reviewing Plaintiff's motion, the January 8, 2013, order and the history of discovery in this action, the Court finds that reconsideration of Plaintiff's October 15, 2012, motion to compel (Document 59) and November 8, 2012, motion to order Defendant to identify employees (Document 60) is warranted. The motion for reconsideration is therefore GRANTED IN PART.

Discovery in this action opened on January 3, 2012. On February 9, 2012, Plaintiff propounded Requests for Production of Documents and Interrogatories on Defendant Garcia. After receiving an extension of time, Defendant's responses were due on or about May 1, 2012. Without explanation, however, Defendant did not serve his responses until August 29, 2012. Based on this delay, Plaintiff was granted an extension of the discovery deadline, amendment deadline and dispositive motion deadline.

Presumably upon reviewing Defendant's responses, Plaintiff began filing discovery motions to aid in his attempts to discover the identities of the three Doe Defendants who were allegedly present during the incident at issue. Plaintiff's motions were either directly related to prior requests or sought additional discovery based on Defendant's failure to provide information. Simply put, Plaintiff has been diligently attempting to discover the identities of the three Doe Defendants for almost one year. For the reasons discussed below, Defendant's responses have been insufficient and suggest a lack of reasonable effort in responding to Plaintiff's discovery.

3

A. Motion to Compel

Plaintiff's October 15, 2012, motion to compel seeks production of documents responsive to Request Numbers 10, 11 and 12. He also requested *in camera* review, if necessary.

Request Number 10 seeks the "CDCR bus schedule listing dated week March 10, 2008, to March 14, 2008." Defendant objected to the request because it contained the names and locations of inmates deemed privileged under state law and deemed confidential by CDCR based on the safety and security of the inmates listed therein. Pl.'s Mot. Compel Ex. A, EFC No. 59.

Number 11 seeks documents pertaining to CDCR's policy regarding the use of restraints during transportation. Defendant objected because CDCR has deemed transportation policies confidential due to the possibility of escape and for safety issues.

Number 12 seeks "Any and all pictures of CDCR transportation bus from every angle including interior and exterior." In response, Defendant objected based on the confidentiality of transportation policies, but nonetheless indicated that there were no documents responsive to the request.

In the January 8, 2013, order, the Court concluded that Plaintiff had not established how the requested information is relevant to his case and why the information would not compromise institutional security. The Court therefore denied the motion.

The Court agrees with the conclusion as to Numbers 11 and 12. Request Number 11 seeks documents that, to the extent relevant, contain information integral to the safety and security of the inmates and staff during transportation. As to Request Number 12, Defendant indicated that responsive documents do not exist.

Request Number 10, however, seeks information relating to potential witnesses. The names of potential witness are relevant and may even assist Plaintiff in identification of the Doe Defendants. While the Court agrees that inmate location may raise safety issues and is therefore exempt from disclosure, the same does not hold true for the inmates' names. A bare assertion of

privilege does not suffice to claim privilege.  <u>Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana</u>, 408 F.3d 1142, 1149 (9th Cir. 2005).

Plaintiff's motion to compel is therefore GRANTED IN PART.  In response to Request for Production Number 10, Defendant SHALL provide the names of the inmates on the bus on March 13, 2008, at the time of the alleged incident.  Defendant shall also include the inmates' CDCR number, if available.  The information must be produced within thirty (30) days of the date of service of this order.

B.   <u>Motion to Order Defendant to Identify Employees</u>

Plaintiff's November 8, 2012, motion to order Defendant to identify employees is based on Defendant's failure to provide responses to certain Requests for Production of Documents and Interrogatories Numbers 16, 17 and 18.  Mot. 3.  Plaintiff contends that Defendant is being evasive in responding to his attempts to identify the Doe Defendants.

Requests for Production Numbers 1, 4 and 6 request written or recorded statements about the incident in question made by CDCR employees or prison witnesses and any incident reports related to the incident.  In response to each question, Defendant stated that he "is not in possession, custody or control of any documents responsive to this request."  In response to the request for incident reports (Number 6), Defendant added that he "does not know of any such documents."[2]  Pl.'s Mot. Compel Ex. A, ECF No. 59.

Similarly, Interrogatories Numbers 16, 17 and 18 seek information to identify witnesses and related interviews and/or statements obtained by Defendant, or on his behalf.  In response to Number 16, Defendant states that he "is not aware of any witnesses to the alleged incident, and has no information concerning the subsequent investigation other than that I was exonerated of any wrongdoing."  Pl.'s Decl. Ex. A, ECF No. 61.  In response to Number 17, Defendant states that neither he, nor anyone on his behalf, has interviewed witnesses.  In response to Number 18,

---

[2] In response to Request Number 8, which seeks the Transportation Duty Log dated March 13, 2008, Defendant states that duty logs are only retained for three years and that all 2008 logs have been destroyed.

Defendant states that he is not aware of, or does not have possession, custody or control of, any written or recorded statements from any individuals regarding the incident.

The Court construed Plaintiff's motion as a motion to compel and found that Plaintiff had failed to follow the correct procedure in bringing such a motion. However, while Plaintiff did not submit the discovery at issue with that specific motion, the discovery had been previously submitted to the Court by both Plaintiff and Defendant. The Court had also previously accepted Plaintiff's statement that he served the discovery on February 9, 2012. Therefore, based on Plaintiff's status as a pro se litigant and the diligence he has shown in attempting to obtain information from Defendant, the Court erred in denying the motion for procedural reasons.

*Requests for Production Numbers 1, 4 and 6*

Defendant attempts to avoid production by contending that he is not in possession, custody or control of the requested documents. The specific facts of this action, however, render such an objection unfounded. By virtue of his employment with non-party CDCR, the individual Defendant is represented by the Attorney General's Office. It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. If this is the case, then, based on his relationship with CDCR, he has constructive control over the requested documents and the documents must be produced. See, eg., Mitchell v. Adams, 2009 U.S. Dist. LEXIS 24289, * 24-25, 2009 WL 674348, *9 (E.D. Cal. Mar. 6, 2009) (even though defendant warden was sued in his individual capacity, he had constructive control over requested documents because he had authority to obtain the requested documents from third party CDCR); see also Gray v. Faulkner, 148 F.R.D. 220, 223-224 (N.D. Ind.1992) (requiring certification that responding party "have conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their control and have determined that the information requested either does not exist or that it has been produced.")

If Defendant chooses to stand on this objection, he must provide factual support for the assertion that, in spite of his relationship to CDCR, he does not have possession, custody or control of the requested documents.  Defendant should also be mindful of the fact that he will be precluded from using the requested documents, or any documents of this kind, as evidence in support of summary judgment, in opposition to any of Plaintiff's positions, and in any way during trial.  Fed. R. Civ. P. 37(c)(1).  Should Defendant stand on this objection and subsequently seek to use the requested documents or like documents, he must, at minimum, supplement his responses, and explain the method by which he obtained the documents.  Most importantly, he will also be required to demonstrate that the prior objection was taken in good faith given that he now has and seeks to use the requested documents.  Fed. R. Civ. P. 26(e)(1).

Accordingly, Plaintiff's motion to compel is GRANTED IN PART.  Defendants SHALL provide supplemental responses to Requests for Production 1, 4 and 6 in light of the discussion above.  Such supplemental responses shall be produced within thirty (30) days of the date of service of this order.

*Interrogatories 16, 17 and 18*

As to Numbers 16 and 17, Defendant has indicated that he is not aware of any witnesses to the incident and that neither he, nor anyone acting on his behalf, has interviewed anyone about the subject incident.  Defendant also states, however, that responsive information is more readily available from another source, "specifically, those who investigated Plaintiff's claims."  Pl.'s Decl. Ex. A, ECF No. 61.  Indeed, Plaintiff has submitted documents to the Court indicating that an investigation was undertaken by CDCR.  Pl.'s Decl. 9, ECF No. 65.  This renders Defendant's statements somewhat inconsistent.  If Defendant wishes to stand on these responses, he must be mindful of the Court's ability to impose discovery sanctions, as explained above.  If supplemental responses are necessary, he must provide the responses within thirty (30) days of the date of service of this order.

Finally, in response to Number 18, which seeks written or recorded statements obtained by Defendant or anyone acting on his behalf, Defendant responds with numerous objections. He states that the information is "more readily available from another source, those who investigated Plaintiff's claims." He also states that without waiving the objections, "I do not know of, or have possession, custody or control of any such statements." Pl.'s Decl. Ex. A, ECF No. 61.

Defendant's response therefore makes it unclear as to whether such documents exist and who had access to them. Defendant's statement that he does not know of any responsive documents also seems inconsistent with the fact that an investigation was conducted. Defendant SHALL therefore provide a supplemental response with the above standards in mind. The supplemental response is due within thirty (30) days of the date of service of this order.

## ORDER

Based on the above, Plaintiff's motion for reconsideration is GRANTED IN PART. Plaintiff's October 15, 2012, and November 8, 2012, motions are GRANTED IN PART. Within thirty (30) days of the date of service of this order, Defendant SHALL provide responses to the following:

1. Request for Production Numbers 1, 4, 6 and 10;
2. Interrogatory Number 18; and
3. Interrogatory Numbers 16 and 17, if necessary.

IT IS SO ORDERED.

Dated:   **February 15, 2013**              /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE