# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU,<br><br>        Plaintiff,<br><br>   vs.<br><br>M. GARCIA, et al.,<br><br>        Defendants. | 1:09cv00177 AWI DLB PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO AMEND THE PLEADINGS<br><br>(Document 75) |

     Plaintiff Joshua J. Cantu ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. He filed a First Amended Complaint on July 26, 2010, and the Court found cognizable Eighth Amendment claims against Defendant M. Garcia and three Doe Defendants. Defendant Garcia filed an answer on December 20, 2011.

     The Court issued a Discovery and Scheduling Order on January 3, 2012. On September 12, 2012, the Court granted Plaintiff's motion to compel and his motion to modify the Scheduling Order. The deadline to amend the pleadings was extended to November 13, 2012,

1

the discovery deadline was extended to January 14, 2013, and the dispositive motion deadline was extended to March 14, 2013.

On January 8, 2013, the Court issued an order denying Plaintiff's additional discovery motions. By separate order, the Court granted Plaintiff's motion for reconsideration of this order and ordered Defendant to respond to certain discovery.

On January 9, 2013, the Court denied Plaintiff's November 8, 2012, motion to extend the deadline to amend his pleadings.

On January 23, 2013, Plaintiff filed a motion seeking reconsideration of the January 9, 2013, order. Defendant did not file an opposition.

## **LEGAL STANDARD**

Rule 60(b)(6) allows the Court to relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and

recapitulation ..." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

      Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part, 828 F.2d 514 (9th Cir.1987).

## DISCUSSION

      The Court's January 9, 2013, order denying Plaintiff's request for an extension was based in part on the Court's January 8, 2013, order denying Plaintiff's numerous discovery motions. Plaintiff had been unable to identify the Doe Defendants through the discovery conducted to that point. However, the Court has granted Plaintiff's motion for reconsideration of the discovery order and ordered Defendant to respond to certain discovery.

      Accordingly, the reasoning behind the denial is no longer valid. Plaintiff's motion for reconsideration is therefore GRANTED. In light of the outstanding discovery, the Court GRANTS Plaintiff's motion to extend the deadline to amend his complaint. The Court also extends the discovery deadline and dispositive motion deadline, as follows:

| | |
|---|---|
| Deadline to Amend Pleadings: | April 15, 2013 |
| Discovery Deadline: | April 15, 2013 |
| Dispositive Motion Deadline: | May 28, 2013 |

## ORDER

      Based on the above, Plaintiff's motion for reconsideration is GRANTED. Plaintiff's

///

///

November 8, 2012, motion to extend the deadline to amend his complaint is also GRANTED.

IT IS SO ORDERED.

Dated:   **February 15, 2013**              /s/ *Dennis L. Beck*
                                     UNITED STATES MAGISTRATE JUDGE

4