# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU,<br><br>          Plaintiff,<br><br>     vs.<br><br>M. GARCIA, et al.,<br><br>          Defendants. | ) 1:09cv00177 AWI DLB PC<br>)<br>) ORDER GRANTING PLAINTIFF'S<br>) MOTION FOR RECONSIDERATION<br>) AND GRANTING PLAINTIFF'S MOTION<br>) TO COMPEL IN PART<br>) (Document 81)<br>)<br>) ORDER EXTENDING DEADLINES<br>) |

   Plaintiff Joshua J. Cantu ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. He filed a First Amended Complaint on July 26, 2010, and the Court found cognizable Eighth Amendment claims against Defendant M. Garcia and three Doe Defendants. Defendant Garcia filed an answer on December 20, 2011. The deadline to amend is currently April 15, 2013, and the dispositive motion deadline is May 28, 2013.

   On February 15, 2013, the Court denied Plaintiff's motion to compel without prejudice, explaining that Plaintiff did not attach the discovery at issue and the Court was therefore unable to review it.

1

On March 4, 2013, Plaintiff filed a motion seeking reconsideration of the February 15, 2013, order. Defendant did not file an opposition.

## LEGAL STANDARD

Rule 60(b)(6) allows the Court to relieve a party from a final judgment, order, or proceeding for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the ... court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation ..." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir.1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986), aff'd in part and rev'd in part, 828 F.2d 514 (9th Cir.1987).

**DISCUSSION**

In the Court's February 15, 2013, order, the Court explained that although Plaintiff cited to Exhibits A and B, neither were attached to the motion. Moreover, because the discovery had not been filed with any previous motions, the Court was unable to review it. The Court therefore denied Plaintiff's motion without prejudice.

In Plaintiff's March 4, 2013, motion for reconsideration, he states that the Clerk's Office sent the exhibits back to him. For unknown reasons, the Clerk's Office determined that the discovery was not part of a motion and returned it pursuant to Local Rule 250.3. Therefore, because Plaintiff *did* send in his exhibits with the motion, the Court GRANTS his motion for reconsideration.

Plaintiff's motion to compel seeks further responses to Requests for Production, Set Two, numbers 2, 4, 5, 6 and 7.

*Request Number 2*

Plaintiff seeks the names, ranks, titles and addresses of any and all CDCR staff that were on the bus with Plaintiff on March 13, 2008. In response, Defendant states that this is not a request for an identifiable document and that he is not required to create a document in response.

While Defendant is not required to create a document, the response is not sufficient to determine whether a document exists. It is highly unlikely that Defendant has no records to identify staff members who were on the bus with Plaintiff. Accordingly, Plaintiff's request is GRANTED and Defendant must supplement his response to provide additional information.

*Request Number 4*

Plaintiff seeks the address and locations of stops made by the bus, including the starting and ultimate stopping location. Although Plaintiff does not explain why he needs this information, it is likely relevant in assisting Plaintiff in locating inmate witnesses.

In the Court's February 15, 2013, order, Defendant was ordered to provide the names of inmates on the bus on March 13, 2008, at the time of the alleged incident. It is therefore possible that Plaintiff will obtain the needed information from this production and this request is therefore DENIED WITHOUT PREJUDICE.

*Request Numbers 5 and 6*

Number 5 seeks "any current or prior staff complaints against you by inmates or non-inmates," and Number 6 seeks "any and all documents of training for use of force or use of restraints, you have had." Such information is relevant to Plaintiff's claims, but the Court agrees with Defendant that the requests are too broad and vague. Accordingly, Plaintiff's request is GRANTED IN PART. If Plaintiff desires, he may rephrase the request so that it is limited in time and scope. If Plaintiff chooses to do so, the April 15, 2013, discovery deadline will be extended solely for this discovery.

*Request Number 7*

This request seeks documents that Defendant "agreed to and signed as to being employed with CDCR." Such information is irrelevant because there is no question that Defendant was employed by CDCR at the time of the incident. Accordingly, Plaintiff's request is DENIED.

**ORDER**

Based on the above, Plaintiff's motion for reconsideration is GRANTED. Plaintiff's January 15, 2013, motion to compel is GRANTED IN PART and DENIED IN PART:

1. Within thirty (30) days of the date of service of this order, Defendant must supplement his response to Request Number 2;

2. If Plaintiff chooses to rephrase Requests Numbers 5 and 6, he must do so within fifteen (15) days of the date of service of this order. Defendant's responses shall be due within thirty (30) days of the date of service of the requests. The April 15, 2013, discovery deadline is extended for this discovery only.

3. Because the Court is requiring additional responses, it is necessary to extend the deadlines as follows:

      Deadline to Amend Pleadings:    June 10, 2013

      Deadline for Dispositive Motions:    July 25, 2013

IT IS SO ORDERED.

Dated:  **April 2, 2013**                        /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE