# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>M. GARCIA, et al.,<br><br>　　　　Defendants. | ) 1:09cv00177 AWI DLB PC<br>)<br>)<br>) ORDER TO SHOW CAUSE WHY<br>) DEFENDANT T. WILLIAMS SHOULD<br>) NOT BE DISMISSED PURSUANT TO<br>) RULE 4(M)<br>)<br>) THIRTY-DAY RESPONSE DEADLINE<br>) |

　　　Plaintiff Joshua J. Cantu ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 6, 2011, the Court found a cognizable Eighth Amendment claim against Defendant Garcia and three Doe Defendants. Pursuant to Plaintiff's Second Amended Complaint, Defendants are M. Garcia, D. Gorgee, C. Baptiste and T. Williams. To date, Defendants Garcia and Gorgee have been served and have appeared in this action.

　　　Most recently, on July 10, 2014, the Court issued an order directing the United States Marshal to reserve Defendants Williams and Baptiste, and to contact Legal Affairs and request the assistance of a Special Investigator if necessary. Defendant Baptiste was ultimately served successfully, though he has not yet appeared.

On July 24, 2014, service was returned as unexecuted for Defendant Williams.

On July 31, 2014, the Court issued an order to show cause to Plaintiff why Defendant Williams should not be dismissed pursuant to Rule 4(m).

Plaintiff filed a response and the Court discharged the order to show cause on August 22, 2014. Also on August 22, 2014, the Court ordered the United States Marshal to reserve Defendant Williams based on additional information provided by Plaintiff.

On August 27, 2014, service was returned unexecuted as to Defendant Williams.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis,[1] the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

---

[1] Although Plaintiff paid the filing fee for this action, he is proceeding in forma pauperis for purposes of service.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Williams. Using information provided by Plaintiff on August 21, 2014, the Marshal contacted the Legal Affairs Department and requested the assistance of a Special Investigator. However, the Special Investigator explained that Mesa Verde Community Correctional Facility ("MVCCF") was a privately run facility that closed in 2009. MVCCF did not leave any method to collect information on past employees, and CDCR does not keep personnel records on employees at contract facilities. The Special Investigator was therefore unable to locate or identify T. Williams. *Walker*, 14 F.3d at 1421-22.

Plaintiff shall be provided with an opportunity to show cause why Defendant Williams should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Williams shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Williams should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Williams from this action.

IT IS SO ORDERED.

Dated:   **September 2, 2014**                    /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE