# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSHUA J. CANTU,

      Plaintiff,

vs.

M. GARCIA, et al.,

      Defendants.

) 1:09cv00177 AWI DLB PC
)
) FINDINGS AND RECOMMENDATIONS
) REGARDING DISMISSAL OF
) DEFENDANT T. WILLIAMS
) PURSUANT TO RULE 4(M)
)
) **TWENTY-ONE DAY DEADLINE**

      Plaintiff Joshua J. Cantu ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

## **PROCEDURAL HISTORY**

      On September 6, 2011, the Court found a cognizable Eighth Amendment claim against Defendant Garcia and three Doe Defendants. Pursuant to Plaintiff's Second Amended Complaint, Defendants are M. Garcia, D. Gorgee, C. Baptiste and T. Williams. To date, Defendants Garcia, Gorgee and Baptiste have been served and have appeared in this action.

      On July 10, 2014, the Court issued an order directing the United States Marshal to reserve Defendants Williams and Baptiste, and to contact Legal Affairs and request the

1

assistance of a Special Investigator if necessary.  Defendant Baptiste was ultimately served successfully.

On July 24, 2014, service was returned as unexecuted for Defendant Williams.

On July 31, 2014, the Court issued an order to show cause to Plaintiff why Defendant Williams should not be dismissed pursuant to Rule 4(m).

Plaintiff filed a response and the Court discharged the order to show cause on August 22, 2014.  Also on August 22, 2014, the Court ordered the United States Marshal to reserve Defendant Williams based on additional information provided by Plaintiff.

On August 27, 2014, service was returned unexecuted as to Defendant Williams.

On September 2, 2014, the Court issued a second order to show cause to Plaintiff why Defendant Williams should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to effectuate service.  Plaintiff was ordered to file a response within thirty (30) days, but he has failed to do so.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis,[1] the Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472

---

[1] Although Plaintiff paid the filing fee for this action, he is proceeding in forma pauperis for purposes of service.

(1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

At this juncture, the Marshal's Office has exhausted the avenues available to it in attempting to locate and serve Defendant Williams.  Using information provided by Plaintiff on August 21, 2014, the Marshal contacted the Legal Affairs Department and requested the assistance of a Special Investigator.  However, the Special Investigator explained that Mesa Verde Community Correctional Facility ("MVCCF") was a privately run facility that closed in 2009.  MVCCF did not leave any method to collect information on past employees, and CDCR does not keep personnel records on employees at contract facilities.  The Special Investigator was therefore unable to locate or identify T. Williams.  *Walker*, 14 F.3d at 1421-22.

Plaintiff has not provided any additional identifying information.

**FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court RECOMMENDS that Defendant T. Williams be DISMISSED from this action for Plaintiff's failure to effectuate service of process.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

///

///

///

objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    **October 17, 2014**                           /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE