UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU,<br><br>  Plaintiff,<br><br>  v.<br><br>BAPTISTE, et al.,<br><br>  Defendants. | No. 1:09-cv-00177 DAD DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS WITHOUT PREJUDICE<br><br>(Doc. No. 167) |

Plaintiff Joshua J. Cantu ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 15, 2009, in the U.S. District Court for the Northern District of California, and it was transferred to this court on January 26, 2009. The action is proceeding on plaintiff's June 6, 2013, second amended complaint on: (1) an Eighth Amendment excessive force claim against defendant Garcia; and (2) an Eighth Amendment failure to protect claim against defendants Goree and Baptiste.

The matter is set for trial on August 9, 2016, before United States District Court Judge Dale A. Drozd.

On May 2, 2016, Plaintiff filed a motion seeking the attendance at trial of inmate Jose DeLaRiva, CDCR #T-55196. Plaintiff does not believe that inmate DeLaRiva will testify voluntarily. Defendants did not oppose the motion.

**DISCUSSION**

As set forth in the second scheduling order, the court will not order the attendance of an incarcerated witness unless it is satisfied that the prospective witness has actual knowledge of relevant facts.  Where the inmate witness refuses to testify voluntarily, the court has the discretion to grant plaintiff's motion even in the absence of express consent if it finds that the witness has relevant information and his presence will substantially further resolution of the case.  *Wiggins v. Alameda County*, 717 F.2d 466, 468 n.1 (9th Cir 1983).

In addition, in determining whether to issue a writ of habeas corpus ad testificandum directing the production of an inmate witness for trial, the district court must consider the following factors:  (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.  *Wiggins*, 717 F.2d at 468 n.1 (*citing Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

Here, plaintiff states that inmate DeLaRiva witnessed the incident in question and has actual knowledge of relevant facts.  However, as explained in the court's second scheduling order, where plaintiff has actual firsthand knowledge that the prospective witness was an eyewitness to the relevant facts, plaintiff must swear by declaration signed under penalty of perjury that the prospective witness has actual knowledge.[1]  The declaration must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.  Doc. No. 163, at 3.

While it appears that inmate DeLaRiva's testimony may substantially further the resolution of this action, plaintiff has not provided a declaration attesting to inmate DeLaRiva's

---

[1] A party may also provide a declaration from the prospective witness, signed under penalty of perjury, describing the relevant facts.  Plaintiff has not submitted a declaration from inmate DeLaRiva.

1  actual knowledge.²

2  Therefore, the Court DENIES plaintiff's motion WITHOUT PREJUDICE to refiling with
3  the required declaration.  Any renewed, properly supported motion by plaintiff must be made
4  within twenty-one (21) days of the date of service of this order.

5  IT IS SO ORDERED.

6  Dated:   **May 17, 2016**                              _____
7                                                                      UNITED STATES DISTRICT JUDGE

---

² There is no evidence in the record which weighs against transporting plaintiff's inmate witness due to heightened security risks, undue expense, or anticipated release from custody in the near future.

3