UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU,<br><br>                    Plaintiff,<br><br>          v.<br><br>BAPTISTE, et al.,<br><br>                    Defendants. | No.  1:09-cv-00177 DAD DLB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS<br><br>(Doc. No. 173) |

      Plaintiff Joshua J. Cantu ("Plaintiff") is a former state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 15, 2009, in the Northern District of California, and it was transferred to this court on January 26, 2009.  The action is proceeding on plaintiff's second amended complaint, filed June 6, 2013, on (1) an Eighth Amendment excessive force claim against defendant Garcia; and (2) an Eighth Amendment failure to protect claim against defendants Goree and Baptiste.  The matter is set for trial on August 9, 2016, before the undersigned.

      On May 2, 2016, plaintiff filed a motion seeking the attendance of inmate Jose DeLaRiva, CDCR #T-55196.  Defendants did not oppose the motion.  However, plaintiff did not provide the required declaration demonstrating that inmate DeLaRiva had actual knowledge of the incident.  The court therefore denied the motion without prejudice on May 17, 2016.

/////

1

Plaintiff refiled the motion on May 26, 2016.  Plaintiff does not believe that inmate DeLaRiva will testify voluntarily.  Defendants again did not oppose the motion.

## DISCUSSION

As set forth in the second scheduling order, the court will not order the attendance of an incarcerated witness unless it is satisfied that the prospective witness has actual knowledge of relevant facts.  Where the inmate witness refuses to testify voluntarily, the court has the discretion to grant plaintiff's motion even in the absence of express consent if it finds that the witness has relevant information and his presence will substantially further resolution of the case.  *Wiggins v. Cty. of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

In addition, in determining whether to issue a writ of *habeas corpus ad testificandum* directing the production of an inmate witness for trial, the district court must consider the following factors:  (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.  *Wiggins*, 717 F.2d at 468 n.1 (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

Plaintiff has submitted his declaration demonstrating inmate DeLaRiva witnessed the events at issue and therefore has actual knowledge of the relevant facts.  (Doc. No. 173.)  The court finds that his testimony will substantially further the resolution of this action.  Additionally, there is no evidence in the record which weighs against transporting plaintiff's inmate witness due to heightened security risks, undue expense, or anticipated release from custody in the near future.[1]

/////

/////

/////

---

[1] Plaintiff states that inmate DeLaRiva is serving a life term.

2

# **ORDER**

Accordingly, plaintiff's motion for the attendance of incarcerated witnesses (Doc. No. 173) is GRANTED. The court will authorize and allow the transportation and attendance of inmate Jose DeLaRiva, CDCR#T-55196 at the trial of this action.

IT IS SO ORDERED.

Dated: **June 17, 2016**  
                                                */s/ Dale A. Drozd*  
                                          UNITED STATES DISTRICT JUDGE