UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA J. CANTU,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GARCIA, et al.,<br><br>        Defendants. | No. 1:09-cv-00177-DAD-GSA<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 201) |

Plaintiff Joshua J. Cantu is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 10, 2017, the parties filed a stipulation to voluntarily dismiss this case with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. No. 199.) On May 22, 2017, the court issued an order acknowledging the stipulated dismissal of the action with prejudice under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and directing the Clerk of the Court to close the case. (Doc. No. 200.)

On June 5, 2017, Plaintiff filed what he styled as a "Motion Not to Close Case" which the court construes as a motion for reconsideration of the court's May 22, 2017 order. (Doc No. 201.) Defendants have not filed a response to plaintiff's motion.[1]

---

[1] Moreover, plaintiff has not filed anything with the court since submitting his motion which was received on June 5, 2017. It is quite possible that plaintiff's motion has been rendered moot since its filing by defendants' subsequent performance as anticipated by the parties' settlement agreement.

1

Federal Civil Procedure Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party. . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." "The law in this circuit is that errors of law are cognizable under Rule 60(b)." *Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982).

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rule 60(b)(1)–(5)). The moving party "must demonstrate both injury and circumstances beyond his control." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

In his pending motion, plaintiff claims that he has not received any money pursuant to the parties' settlement agreement. Plaintiff requests the court to void the settlement agreement and reopen the case, so he can proceed with discovery.

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994.) A claim for breach of contract or a settlement agreement, even if part of the consideration for it is

2

dismissal of a federal case, will not provide the basis for federal court jurisdiction. *Id.* at 381. This limited jurisdiction cannot be expanded by judicial decree. *Id.* at 377 (citing *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951)). Lack of jurisdiction is to be presumed and the burden of proving jurisdiction rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377.

Enforcement of a settlement agreement is "more than a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. A district court lacks jurisdiction to enforce a settlement agreement following a dismissal of the action unless the district judge either: (1) expressly in the dismissal order, retains jurisdiction over the settlement agreement; or (2) incorporates the terms of the settlement agreement in the dismissal order. *See id.* at 381; *see also K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014). Under those circumstances, a breach of the agreement would be a violation of a court order and the district court would have ancillary jurisdiction to enforce the agreement. *Id.* Absent those circumstances, however, remedying any breach of the settlement agreement requires initiation of a new lawsuit to enforce the contract. If the court does not retain jurisdiction to enforce the settlement agreement, the vehicle for the enforcement of the settlement agreement is a breach of contract claim in another proceeding, where "part of the consideration [for the contract] was dismissal of an earlier federal suit." *Id.*

Here, the parties filed a stipulation for voluntary dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. No. 199.) Under Rule 41(a)(1)(A)(ii), "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Plaintiff filed a stipulation of dismissal signed by all parties who appeared in this case. The dismissal of this case therefore took effect on the date the stipulation was filed, without a court order. The court's order of May 22, 2017, only acknowledged the parties' stipulation and closed the case. (Doc. No. 200.) The undersigned neither expressly retained jurisdiction over the parties' settlement agreement, nor incorporated the terms of the settlement agreement in the order closing the case.
/////

Absent such action, "enforcement of the settlement agreement is for state courts." *Kokkonen*, 511 U.S. at 382.

Because plaintiff has not made the requisite showing of "extraordinary circumstances" that would justify relief under Rule 60, plaintiff's motion to void the settlement agreement (Doc. No. 201) is denied.

IT IS SO ORDERED.

Dated: **October 12, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE